15 F.3d 1087
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 James McFADDEN, Plaintiff-Appellant,
v.
FEDERAL DEPOSIT INSURANCE CORP., Defendant-Appellee.
 No. 93-35514.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1993.*
Decided Jan. 10, 1994.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James McFadden appeals pro se the district court's denial of his Fed.R.Civ.P. 60(b) motion.[1] We have jurisdiction under 28 U.S.C. Sec. 1291.[2] We review the district court's denial of a Fed.R.Civ.P. 60(b) motion for an abuse of discretion, see Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir.1991), and we affirm.
 
 
 3
 McFadden contends that the district court erred in denying his Fed.R.Civ.P. 60(b) motion for relief from judgment. We disagree. To prevail under Rule 60(b), McFadden must demonstrate by clear and convincing evidence (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied judgment; or (6) any other reason justifying relief from operation of judgment. See Fed.R.Civ.P. 60(b); Jones v. Aero/Chem Corp., 921 F.2d 875, 878-79 (9th Cir.1990). Further, if the judgment was obtained by fraud, misrepresentation, or misconduct, McFadden must show that such conduct prevented him from fully and fairly presenting his case, see Bunch v. United States, 680 F.2d 1271, 1283 (9th Cir.1982), and that the alleged misrepresentation was material because Rule 60(b) is aimed at judgments that were unfairly obtained, not those which are factually incorrect. See In re M/V Peacock, 809 F.2d 1403, 1404 (9th Cir.1987). Moreover, the Rule 60(b) motion must be based on evidence that was not discoverable earlier. See Pacific & Arctic Ry. & Navigation Co. v. United Transp. Union, 952 F.2d 1144, 1148 (9th Cir.1991).
 
 
 4
 McFadden's Rule 60(b) motion and the accompanying memorandum merely reiterate facts and contentions previously considered and rejected by the district court. Because McFadden failed to establish he was entitled to relief from judgment, the district court did not abuse its discretion in denying McFadden's Rule 60(b) motion.[3]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, McFadden's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 McFadden's notice of appeal is timely only as the district court's March 24, 1993 order denying his motion for reconsideration. Accordingly, we do not have jurisdiction to review the orders underlying the district court's judgment. See Brower v. Director, Dept. of Corrections, 434 U.S. 257, 263 n. 7 (1978); Fiester v. Turner, 783 F.2d 14764, 1476 (9th Cir.1986)
 
 
 [2]
 The action was properly removed from Alaska state court to the district court pursuant to 12 U.S.C. Sec. 1819(b)
 
 
 [3]
 FDIC's unopposed motion to dismiss this appeal is denied as moot. McFadden's motion to reconsider the Clerk's order granting appellee a 14 day oral extension to the briefing schedule is denied because 9th Cir.R. 31 has been revised to allow for a 14 day extension. McFadden's motion for an extension of time in which to file a reply brief is denied. All other pending motions in this appeal are denied as moot or unnecessary